IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAVIER REYES,

    Petitioner,

vs.                                                  Civ. No. 99-462 M/LCS

JOE WILLIAMS, Warden, Lea County
Correctional Facility, et al.,

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

       THIS MATTER comes before the Court upon Respondent's Motion to Dismiss *(Doc. 12)*, filed June 9, 1999, and Petitioner's Motion for Appointment of Counsel *(Doc. 9)*, filed June 7, 1999. Petitioner filed an application for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on April 26, 1999. Mr. Reyes is currently incarcerated and is proceeding *pro se* and *in forma pauperis*. Petitioner Javier Reyes is confined pursuant to an Order and Commitment entered by Richard J. Knowles, District Judge for the Second Judicial District, State of New Mexico, on August 2, 1998 and a Judgment, Sentence and Order Suspending Sentence ("Judgment and Sentence") entered April 1, 1996.

       Petitioner attacks only the Order and Commitment in his petition. By that order, Judge Knowles revoked Petitioner's probation, sentenced Petitioner to the custody of the Corrections Department for the total term of nine years imposed by the original Judgment and Sentence, granted Petitioner forty-seven days for pre-sentence confinement and 870 days for time served on

1

probation, and ordered Petitioner to serve two years mandatory parole and pay parole costs and fees. Petitioner challenges the Order and Commitment on two grounds. First, he claims that the state court violated his due process rights by dismissing his state court writ of *habeas corpus* without an evidentiary hearing. Second, Petitioner alleges that the Order and Commitment constitutes double jeopardy and cruel and unusual punishment because once Petitioner's original nine year sentence was suspended and Petitioner was placed on five years' probation, the state court was not free to alter the sentence above five years. Neither of Petitioner's claims have merit as a matter of law.

Petitioner's first claim, that the state court should have conducted an evidentiary hearing on his writ of *habeas corpus*, is inextricably bound to his second claim. If Mr. Reyes' second claim is without merit as a matter of law on its face, he is not owed an evidentiary hearing under either federal law or state law. *See Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir.), *cert. denied*, 476 U.S. 1184 (1986); N.M. R. CRIM. P. 5-802 E (1). Therefore, I will examine his second claim first.

Petitioner was sentenced on April 1, 1996 to a term of nine years imprisonment. Execution of the sentence was suspended and Petitioner was placed on supervised probation for five years, subject to certain terms and conditions of probation. The Judgment and Sentence also provided that Mr. Reyes, if imprisoned at any time pursuant to the conviction, would receive credit for forty-seven days of pre-sentence confinement, be placed on parole for two years after release, and be required to pay parole costs.

Reyes' sentence, as stated in the Judgment and Sentence, complied with the terms of a Plea and Disposition Agreement between Mr. Reyes and the State of New Mexico (Ex. B to

2

Answer). In that agreement, Mr. Reyes pled guilty to Trafficking by Distribution of Cocaine in exchange for a potential initial incarceration period of not more than three years. The agreement clearly disclosed that the three year limit applied only to the initial period of incarceration and that Mr. Reyes could be subject to more than three years of incarceration if he violated any conditions of parole or probation.

The Order and Commitment was entered on August 2, 1998 after Mr. Reyes admitted violating the terms of his probation for the fourth time. Petitioner does not challenge the findings of the state court that he violated his probation four times or the authority of the state court to revoke his probation. Instead, Petitioner challenges the constitutionality of the state court imposing a period of incarceration greater than the five year initial term of probation.

The dispositive issue in this case is whether the Order and Commitment constitutes double jeopardy or cruel and unusual punishment by resentencing Reyes to a greater term of imprisonment than his original sentence. A federal court's review in a Section 2254 *habeas corpus* case is limited to deciding whether the state court violated either the United States Constitution, federal law, or a treaty. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The federal court must defer to a state court's interpretation of state law, so long as that interpretation does not violate federal law. *See Bowser v. Boggs*, 20 F.3d 1060, 1065 (10th Cir.), *cert. denied*, 513 U.S. 926 (1994). The federal court must, therefore, look to New Mexico law to determine the effect of Reyes' suspended sentence.

New Mexico courts have spelled out clearly the effect of a suspended sentence. In *State v. Kenneman*, 98 N.M. 794, 653 P.2d 170 (Ct. App.), *cert. denied*, 99 N.M. 47, 653 P.2d 878 (1982), the effect of a suspended sentence is contrasted with that of a deferred sentence:

> If the court suspends the execution of sentence or defers the imposition of sentence, it must put the defendant on probation with conditions. In the case of a suspended sentence, if the defendant satisfactorily completes the term of suspension, he has satisfied his liability for the crime and may be eligible for pardon. In the case of deferral of sentence, if the defendant satisfactorily completes the period of deferment, he has satisfied his liability for the crime and the charges shall be dismissed. In the case of a suspension, if probation is revoked, the court may require the defendant to serve the balance of the sentence previously imposed but suspended, or any lesser sentence. In the case of deferral, if probation is revoked, the court may impose any sentence which might originally have been imposed.

*Id.* at 796-97, 653 P.2d at 172-73 (citations omitted). In the case of a suspended sentence, this interpretation of state law cannot implicate Petitioner's rights to be free from double jeopardy or cruel and unusual punishment because the originally imposed, but suspended, sentence serves as the maximum period of incarceration.

In Reyes' case, the Order and Commitment simply required Mr. Reyes to serve the balance of the sentence originally imposed on April 1, 1996. The five year period of probation is not the original "sentence" under the *Kenneman* analysis; the nine year sentence was imposed but its execution was suspended. Although Reyes could have satisfied his liability for the crime by completing a five year probation period, he did not do so. The state judge correctly allowed Reyes credit for time served on probation and imposed the other provisions contained in the original sentence. Therefore, Petitioner's second claim has no merit as a matter of law.

Resolution of Petitioner's second claim attacking the Order and Commitment involves no factual issues that would require a hearing. Under New Mexico law, a petitioner is not entitled to an evidentiary hearing "[i]f it plainly appears from the face of the motion . . . that the movant is not entitled to relief as a matter of law." *See* N.M. R. CRIM. P. 5-802 E (1). Petitioner provides no reason why he should be entitled to an evidentiary hearing if his claim fails as a matter of law.

Petitioner was provided all of the process to which he was entitled. Therefore, his first claim also fails.

## RECOMMENDED DISPOSITION

Respondent's Motion to Dismiss *(Doc. 12)*, filed June 9, 1999, should be GRANTED and the Petition DISMISSED with prejudice. Because the Petition should be dismissed without a hearing on the merits, Petitioner's Motion for Appointment of Counsel *(Doc. 9)*, filed June 7, 1999, should be DENIED. Within ten days of receiving a copy of the Magistrate Judge's proposed findings and recommended disposition, a party may file objections to it pursuant to 28 U.S.C. Sec. 636(b). A party desiring appellate review must file timely objections with the Clerk of the District Court if that party desires further review; in the absence of timely filed objections, no review will be conducted.

_____
LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE